## N. L. ROBERTSON v. W. H. GARRETT ET AL.

### No. 2994.

**Will.**—A testator directed in his will that title to a tract of land to be purchased after his death should be vested in a trustee, "in trust for the sole and separate use of my said sister Ann Warren Gee, whereon as long as she may see fit to reside, she shall have the absolute and sole control, free from any control of James H. Gee or any other husband that she the said Ann Warren Gee may hereafter have. * * * Upon the death of the said Ann it is my will that her daughters who may be unmarried at the time of her said death shall have the aforesaid tract of land * * * to have, hold, use, and enjoy to their sole use, free from any control of any husband that either of them may hereafter have; and in the event that there should be at the time of the death of the said Ann no unmarried daughter of hers, then the aforesaid lands are to be equally divided between all of her daughters, to be by them held, used, and enjoyed for their sole and separate use, free from the control of any husband that any of them may have or may thereafter have." *Held:*

1. No rights could be asserted to the land under the will by the children of a daughter of a testator who had died prior to the date of the testator's decease.

2. The intention of the testator was that such of the daughters of his sister as remained unmarried at the date of her death should take title to the land; if at that time none of them were then unmarried, then title should vest in those then living and married.

APPEAL from Hunt. Tried below before Hon. J. A. B. Putman.

The facts appear in the opinion.

*E. W. Terhune*, for appellant. — A bequest to a child shall not lapse on the death of the legatee, but if such legatee leave heirs such heirs inherit as would their ancestors if living.

The will conveyed the property to Mrs. Ann W. Gee during her

life and at her death to her unmarried daughters, and if no unmarried daughters then to her married daughters, share and share alike. She left no unmarried daughters, but three daughters survived her and the issue of one married daughter who died before Mrs. Gee died. The issue of the deceased daughter brings this suit to recover interest their mother would have inherited had she outlived her mother. Rev. Stats., arts. 4870–4871.

A devise of property conveying a life estate to one with a gift over to another on the happening of a certain event vests the legacy in the person taking the gift over that will become absolute on the happening of the contingency, but which may be defeated if such contingency never happens, and in this case all the daughters of Ann W. Gee having married before she died each took a vested interest in one-fourth of the land when the last one married.

A will conveying property to a sister of the devisor during the life of the devisee and at her death to her unmarried daughters, and if she has no unmarried daughters the devise is to be divided at her death among all her daughters, vests such an estate in the daughters that when there are no unmarried daughters at the death of the person taking the life estate the children of a married daughter who died before the mother holding the life estate died inherit an equal share in the legacy with the married daughters living at the death of their mother. Bond's Appeal, 31 Conn., 187; Whitehead v. Lassiter, 4 Jones Eq., 79; Lantz v. Trusler, 37 Penn. St., 842; Ross v. Doake, 37 Penn. St., 373; Burd v. Burd, 40 Penn. St., 182; Williams v. Field, 2 Sandf. Ch., 533; 2 Redf. Wills, p. 22, par. 6; same vol., p. 32, par. 22; p. 66, par. 20; p. 89, par. 38 and note; pp. 242, 246, 245, par. 51; p. 255 *et seq.*

*Matthews & Neyland* and *Alex. Mason*, for appellees. — It is a well understood and established rule that words, clauses, or phrases used in a devise are to be given that construction that seems best to conform to the probable intent of the testator in the particular place in question. Redf. on Wills, 2 vol., p. 20, sec. 3; Burgess v. Hargrove, 64 Texas, 115–116.

The primary signification of the words daughter or daughters can not include the issue of a daughter or daughters; that may be either male or female, and such a significance can not be given here when the language which follows these words is considered.

The phrase "all of her daughters" is descriptive in the codicil of the relations that must exist at the time the bequest is to take effect, which in this case is at the death of Ann W. Gee. Redf. on Wills, p. 31, par. 20, and authorities cited in note; same, pp. 68 and 69, par. 23, and pp. 71, 72, 73; Turner v. Withers, 4 Am. Law. Reg. (N. S.), 723; same case, 33 Maryland, 41 and 42; Haldeman v. Haldeman, 40 Pa., 29; Appeal of Gablis' Exrs., 40 Pa., 231.

It is a rule in the construction of wills that the same word is to be understood in the same sense when it occurs more than once in the same will, and especially so when the same word is several times used apparently in its ordinary sense and followed in each case by a context indicative of the common acceptation.   Lloyd v. Rambo, 35 Ala., 712; Flinn v. Davis, 18 Ala., 132.

If N. L. Robertson had died before Anne W. Gee and Mrs. Robertson survived them both without again marrying, she would have been in contemplation of the codicil the only unmarried daughter of Mrs. Ann W. Gee at the time of the death of the latter, and in consequence the sole devisee in remainder under the will.   Therefore her interest at the time of her death must have been then contingent, uncertain as to any, and if any, uncertain in amount and could not have been vested.   Moor v. Smith, 9 Watts's Rep., 406; Patterson v. Ellis, 11 Wend., 259; Andrew v. N. Y. Bible Society, 4 Sandf. S. C., 156; Putnam v. Gleason, 99 Mass., 454; Denn v. Dennett, 43 N. H., 499; Freeman v. Okey, 3 Johns's Eq., 473.

STAYTON, CHIEF JUSTICE.—In pursuance of the will of Thomas A. Hawkins, who died intestate in the year 1852, the land in controversy was bought and title thereto taken as the will directed to John Norman, trustee.

The will provided that the trustee should hold "in trust for the sole and separate use of my said sister Ann Warren Gee, whereon as long as she may see fit to reside she shall have the absolute and sole control free from any control of James H. Gee or any other husband that she, the said Ann Warren Gee, may hereafter have."

The will then provided that "upon the death of the said Ann it is my will that her daughters who may be unmarried at the time of her said death shall have the aforesaid tract of land   *   *   *   to have, hold, use, and enjoy to their sole and separate use, free from any control of any husband that either of them may hereafter have; and in the event that there should be at the time of the death of the said Ann no unmarried daughter of hers, then the aforesaid lands are to be equally divided between all of her daughters, to be by them held, used, and enjoyed for their sole and separate use, free from the control of any husband that any of them may have or may thereafter have."

Mrs. Gee died in 1883 leaving three daughters, all of whom were married women at the time of her death.

Mrs. Gee had one other daughter, who married N. L. Robertson and died before the death of her mother.   She left children, some of whom assert title in this suit to a part of the property and ask partition.

The judgment of the court below was that they take nothing by their

suit, and from that judgment such of Mrs. Robertson's children as are minors prosecute through their guardian this appeal.

The appellees Garrett claim the entire land through a warranty deed made by Mrs. Gee and her husband, which was subsequently ratified by her three daughters surviving.

We think it evident from the terms of the will that the testator intended that if any of the daughters of Mrs. Gee were unmarried at the time of her death then such daughter or daughters should take the entire .land; but that if none of her daughters living at the time of her death were unmarried that then the land should become the property of her married daughters then living.

Effect must be given to this intention. There is nothing in the will evidencing an intention that the children of a daughter of Mrs. Gee deceased at the time of her death should take under the will in any event; and it might as well be claimed that the surviving sons of Mrs. Gee were entitled to take as to claim that her grandchildren are.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Opinion December 21, 1888.